IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.C. JEFFERSON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHASE HOME FINANCE, <br><br> Defendant. | NO. C 06-6510 TEH <br><br> ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS |

This matter came before the Court on February 23, 2009, on Plaintiffs' Motion for Award of Reasonable Attorneys' Fees and Costs. Having carefully considered the parties' written and oral arguments, the motion is GRANTED for the reasons set forth below.

**FACTUAL AND PROCEDURAL BACKGROUND**

This consumer class action focused on Plaintiffs' claims that Chase Bank improperly floated mortgage principal prepayments made by members of the Plaintiff class. The named Plaintiff filed suit in Alameda County Superior Court in August of 2006, bringing claims under California's Consumer Legal Remedies Act, False Advertising Act, Unfair Competition Law, and a claim for conversion under Civil Code § 3336. Plaintiff sought class-wide injunctive relief. Defendant Chase was served on September 18, 2006, and immediately sought to remove the case to federal court under the Class Action Fairness Act, asserting that "Plaintiff's allegations, viewed in conjunction with the information provided in this Notice of Removal and standing alone, demonstrate that the matter in controversy exceeds the sum or value of $5,000,000." In support of this jurisdictional claim, Chase

1 argued that the number of prepayments it processed in California and their value established
2 this amount in controversy.

3    The parties have since settled this case, and the Court granted final approval of the
4 settlement on February 23, 2009.  The parties agreed in the settlement that Plaintiffs' counsel
5 would be entitled to an award of attorneys' fees and costs, and set an upper limit for this
6 award.  At the same time as the settlement final approval hearing, the Court heard argument
7 on Plaintiffs' Motion for Award of Reasonable Attorneys' Fees and Costs, which is the
8 subject of this order.

10 **LEGAL STANDARD**

11    In California, the award of attorneys' fees is generally viewed as being within the
12 scope of the trial court's discretion; the trial judge is the best judge of the value of services
13 rendered.  *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 148-49 (2006).
14 The scope of the proper discretion is determined by the particular law being applied. *Id.*
15 "Whether an [attorney fee] award is justified and what amount the award should be are two
16 distinct questions, and the factors relating to each must not be intertwined or merged."
17 *Flannery v. Cal. Highway Patrol*, 61 Cal. App. 4th 629, 647 (1998).

19 **ANALYSIS**

20    Because in this matter, the parties do not dispute that Plaintiffs' counsel are entitled to
21 receive some award of fees and costs, as such an agreement was reached as part of the
22 settlement, the Court's analysis will be confined to the second *Flannery* question of the
23 proper amount of the award.

24    Plaintiffs' counsel have provided declarations and confirmed at the hearing that their
25 expenditures and fees through the completion of the fees motion, exercising both billing
26 judgment and a 5% discount, totaled $748,396.51.  Pls.' Reply at 1.  In support of this figure,
27 Plaintiffs' counsel submitted detailed time records laying out the specific hours spent on each
28 task related to this litigation.  Plaintiffs' counsel further provided the Court with declarations

2

explaining the exercise of billing discretion and a 5% discount applied by Plaintiffs' lead attorneys across all fees to ensure that any duplicative fees that might have resulted from the work of two firms on the matter would not be paid by Defendant. Plaintiffs' counsel provided the Court with an array of affidavits from other attorneys indicating that Plaintiffs' counsel's fees are consistent with local billing rates for similarly experienced attorneys, as well as documents demonstrating nationwide attorney billing rates. Furthermore, Plaintiffs' counsel seek a fees and costs award of $600,000, which is nearly 20% less than their reported lodestar figure. Chase asks the Court instead to award Plaintiffs' counsel $150,000, arguing that an award of $600,000 is inappropriate because 1) Plaintiffs' counsel is billing at an excessive rate beyond the prevailing rate; 2) the fees are disproportionate to Plaintiffs' recovery; and 3) the Plaintiffs' counsel pursued the case inefficiently.

Consistent with the holding of the California Court of Appeal, a clear understanding of the policy rationale for the provision of fees in consumer protection cases informs the Court's analysis of this matter. *See Graciano*, 144 Cal. App. 4th at 148-49 ("[t]he scope of discretion always resides in the particular law being applied, *i.e.*, in the legal principles governing the subject of [the] action." (internal quotation marks omitted, alterations in the original)). Under the CLRA, one of the laws under which this case was brought, reasonable attorneys' fees are available to the prevailing party. *See Hayward v. Ventura Volvo*, 108 Cal. App. 4th 509, 512 (2003).

> The legislative policy to allow prevailing plaintiffs reasonable attorney's fees is clear. Section 1780 provides remedies for consumers who have been victims of unfair or deceptive business practices. The provision for recovery of attorney's fees allows consumers to pursue remedies in cases as here, where the compensatory damages are relatively modest. To limit the fee award to an amount less than that reasonably incurred in prosecuting such a case, would impede the legislative purpose underlying section 1780.

*Id.* (internal citation omitted).

//

//

3

1  In California courts, reasonable fees are typically calculated starting with the lodestar,
2  which is the reasonable number of hours expended multiplied by a reasonable hourly rate.
3  *Graciano*, 144 Cal. App. 4th at 154.

> [T]he lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors including, as relevant herein, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. The purpose of such adjustment is to fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services.

*Id.* (internal citations omitted, alteration in the original). The California Supreme Court has identified as relevant factors for augmenting or diminishing the lodestar amount:

> (1) the novelty and difficulty of the questions involved, and the skill displayed in presenting them; (2) the extent to which the nature of the litigation precluded other employment by the attorneys; (3) the contingent nature of the fee award, both from the point of view of eventual victory on the merits and the point of view of establishing eligibility for an award; (4) the fact that an award against the state would ultimately fall upon the taxpayers; (5) the fact that the attorneys in question received public and charitable funding for the purpose of bring law suits of the character here involved; (6) the fact that the monies awarded would inure not to the individual benefit of the attorneys involved but the organizations by which they are employed; and (7) the fact that in the court's view the two law firms involved had approximately an equal share in the success of the litigation.

*Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977) (footnote omitted).

The task thus before the Court is the application of these principles to the instant matter, which will require the Court to determine a proper lodestar amount and then decide whether an adjustment is warranted in light of the guidance offered by California courts. Chase offers three arguments against granting the fees that Plaintiffs' counsel seek. Chase contends that the hourly rates sought are excessive. Chase further asserts that the fees are disproportionate to the benefit conferred on the class, since the monetary settlement for the class is only a fraction of the value of the fees sought and since the injunctive remedy is minimal. Finally, Chase argues that the Plaintiffs' counsel inefficiently prosecuted the case, overstaffed the matter with eight attorneys from two law firms, and conducted discovery that was ultimately unrelated to the theory on which the case settled.

4

Although Chase disputes whether $748,396.51 is an appropriate lodestar amount based on a challenge to the hourly fees charged by Plaintiffs' counsel, they offer little authority for such a claim. Plaintiffs' counsel provided careful documentation of their rates and a series of supporting declarations that indicate their reasonableness, as well as local cases affirming fees awards based on similar rates. "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. V. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (citation omitted). Although Chase provides its own declarations, specifically one citing its own rates, the reality is that hourly rates vary, and those that Plaintiffs' counsel claim appear reasonable. That Chase's attorneys charge less in Chicago than Plaintiffs' counsel earn in San Francisco is completely predictable and fails to undermine Plaintiffs' counsel's evidence. Chase's argument does not rebut the fees' reasonableness, and the Court must conclude that Plaintiffs' counsel's hourly fees are reasonable. On this basis, the lodestar amount of $748,396.51 appears to the Court to be an appropriate lodestar amount; the $600,000 sought by Plaintiffs' counsel thus is even more reasonable and appropriate by the Court's estimation.

The second issue that Chase raises is whether the fee award of $600,000 should be reduced because of its disproportionality to the $68,000 recovery of Plaintiff class, or, alternatively, because of Plaintiffs' minimal success in the case. Under California consumer protection law, the size of Plaintiffs' recovery as compared to the fees award sought does not determine whether a deduction should be taken from the lodestar; on the contrary, the state courts are clear in explaining that consumer protection may require precisely the outcome that Defendant challenges of a disproportionate award. *See Hayward*, 108 Cal. App. 4th at 512. Furthermore, disproportionality is not one of the factors that the California courts have provided for determining whether to augment or diminish the fees awarded. Rather, the California courts have approved attorneys' fees where there is significant disparity between the Plaintiffs' recovery and the lodestar fee award. For example, the California Court of

5

Appeal has concluded that a trial court did not abuse its discretion in granting attorneys' fees 12.5 times the value of plaintiff recovery. *Vo v. Las Virgenes Mun. Water Dist.*, 79 Cal. App. 4th 440, 448 (2000).

In the federal courts, the Supreme Court has held that while the lodestar amount is the starting point to calculate fees, that the degree of success or failure in the case may guide the final award given. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 436 (1983). "Application of this principle is particularly important in complex civil rights litigation involving numerous challenges to institutional practices or conditions [where] the range of possible success is vast." *Id.* at 436. That this case was brought under California law and that it does not present a matter of complex civil rights litigation militates against the application of the *Hensley* holding in this situation, and towards reliance on the rule from the California courts in considering the purpose of fee awards in consumer protection cases. Under that standard, apparent disproportionality is not a reason to reduce the $600,000 award in this matter.

As to Chase's third challenge to the award, based on assertions of unreasonableness of the time spent, wasted discovery, and inefficiency, again, this is not a factor listed by the California courts in determining the propriety of the reduction of a fees award. Furthermore, Plaintiffs' counsel has provided substantial documentation of the hours it spent and how the time was used. In contrast, Chase has identified few substantive areas of duplicative effort, and does not make a persuasive case that the case was overstaffed. Although Chase is correct that multiple staff were used, because the bulk of the hours spent were from a few attorneys, this does not appear unreasonable. Under federal law, the Court has the discretion to reduce the hours if it determines that inefficiency or overstaffing was a problem, but that does not appear to be at issue here. *Acuna v. Regents of The Univ. Of Cal.*, 141 F.3d 1173 (9th Cir. 1998). Furthermore, as the lodestar standard requires documentation of reasonable hours, it appears that Plaintiffs' counsel has discharged this burden. Plaintiffs' counsel therefore appears to have submitted a reasonable number of hours in their fee petition. Plaintiffs' counsel's voluntary reduction of fees from the nearly $750,000 lodestar to the

6

$600,000 award that they seek certainly addresses any residual concern about inefficiency or wasted discovery.

**CONCLUSION**

Plaintiffs' counsel has sought fees well below the complete lodestar plus costs to which they are legally entitled. Chase has not articulated a persuasive argument for further diminution of the fees, especially as the $600,000 figure represents a discount taken to overcome any concern with inefficiency due to the work of two firms. Plaintiffs' counsel's documentation of the reasonableness of their rates combined with the reductions they took leads the Court to conclude that the $600,000 fee is reasonable. As the figure sought is well under the Plaintiffs' counsel's lodestar, and because none of the reasons that the California courts consider persuasive for adjusting the lodestar amount are present, the Court finds no reason to deny the fees sought. For these reasons, Plaintiffs' Motion for Award of Reasonable Attorneys' Fees and Costs is GRANTED.

**IT IS SO ORDERED.**

Dated: July 10, 2009

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

7